OPINION. Turner, Judge: The single question for determination is whether the partnership was entitled to the full amount of the deduction taken for rent. The petitioners contend that under the applicable provision of the Internal Revenue Code and on the facts of record the amount deducted was proper and that the respondent erred in disallowing any portion thereof. Section 23 (a) (1) (A) of the code provides for the allowance as deductions of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business and “rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.” The petitioners contend that the amount deducted was actually paid as rent for the premises occupied and used by the partnership in the conduct of its business and that allowance of the deduction therefor is required by the code. Petitioners further contend that, considering the premises and all the facts, the amount actually paid was not in anywise excessive. The position of the respondent is that the negotiation and execution of the lease providing for a rent based in part on percentages of gross sales was not an arm’s length transaction, but a mere family arrangement, that $12,000 constituted a reasonable rental, and that the portion of the deduction in excess of $12,000 involved the element of gift and was not allowable. The code does not limit deductions for rental payments to “a reasonable allowance” as in the case of salary or compensation, but at the same time the code does not preclude the respondent from examining the facts relating to such payments for the purpose of determining their true character and from disallowing deductions claimed as rents where the payments were of a character not permitted as deductions by the code. Cf. Chicago Shipping & Storage Co., 15 B. T. A. 431; affd., 47 Fed. (2d) 539; Orange & Domestic Laundry Co., 6 B. T. A. 646. Here the respondent has merely determined that $12,000 constituted “a reasonable rental on the building occupied by the partnership.” He has made no determination that the amount disallowed was in fact or in character something other than rent, although he does argue on brief that it involved the element of gift. Rent paid or incurred during the taxable year is an allowable deduction and the fact that the amount thereof may have been high or low, when considered in the light of current conditions, does not of itself change or affect the amount of the deduction to which the taxpayer is entitled. Many circumstances and considerations which may have influenced the fixing of the amount of rent on the property for a term of years may not continue for the term or may not be present in some particular year or years of such term. That the amount of rent rises and falls with the trend of the business and is greater in the year or years when business is best is an accepted characteristic of a percentage lease. The lease here was a renewal, in exact terms, of the lease entered into in 1938. There is no suggestion that there is any basis in the facts of record for any claim that the rents, when fixed in 1938, contained any element of gift to Ella Imerman from her children. That consideration was given in 1938 to the possibility that the volume of business might, at some time, reach or surpass the volume in the taxable year, is at once apparent, for the rent here in question was computed under those same rates. It is true that the volume of business in 1940 was substantially greater than in 1939 and the indications were that 1941 would be better than 1940. A substantial part, if not the greater part, of the orders on hand at the beginning of 1941 continued to be from automobile manufacturers, however, and while a part of the orders were for armament or munitions work, those orders were subject to cancellation on short notice. It is also true that between 1938 and 1941 some improvements and additions had been made to the property, and during the same period the partnership had expanded its occupancy of the premises, so that by January 2,1941, the date the lease was renewed, it occupied practically the entire property, and later in 1941 became the sole tenant. The respondent has made no determination that any part of the amounts required and paid under the lease were anything other than rent, and, except for the relationship between the lessor and the petitioners, we find nothing which might form a basis for claiming that the renewal of the lease on January 2, 1941, was not an arm’s length transaction or that the payments were of any other nature or character than rents. The facts show that the amount here claimed as the rent deduction was the amount actually paid by the partnership, at rates originally fixed and agreed upon some years previous, for possession and use of the premises on which the partnership business was located. There is nothing in the schedule of rents when originally fixed suggesting any element of gift, and it is our conclusion, from the evidence of record, that the character of the payments did not change when the lease was renewed on January 2, 1941. The full amount paid by the partnership as rent under the lease is deductible under the statute, and the respondent was in error in disallowing any portion thereof. Whether under different facts and circumstances at a time of renewal of the lease an element of gift might be found to exist, we express no opinion. Reviewed by the Court. Decisions will be entered wnder Rule 50.